IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DALE K. BARKER, CO.,**<br><br>        **Plaintiff,**<br>v.<br><br>**LARRY J. SUMRALL, individually and dba NORTH VALLEY FEED; VALLEY PLAZA; PATRICIA A. SUMRALL; and JOHN DOES 1-10;**<br><br>        **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:03cv903<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are the following motions: (1) Larry J. Sumrall et al.'s (collectively, "Defendants") motion for leave to amend the answer and counterclaim[2] and (2) Wisan, Smith, Racker & Prescott, LLP's ("Movant") motion to quash a subpoena.[3] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of

---

[1] This case was previously assigned to District Judge Dee Benson, *see* docket no. 1, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A). *See* docket no. 73. On November 13, 2008, this case was reassigned to District Judge Waddoups, who affirmed that order of reference. *See* docket no. 100.

[2] *See* docket no. 123.

[3] *See* docket no. 145.

Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

**Defendants' Motion for Leave to Amend the Answer and Counterclaim**

Defendants are seeking leave to amend the answer and counterclaim in order to add Dale K. Barker ("Mr. Barker") personally as a counterclaim defendant, in addition to Mr. Barker's corporation, Dale K. Barker, Co. ("Plaintiff"). Defendants contend that the recently produced billing records of Plaintiff provided Defendants with the evidence they needed to assert claims against Mr. Barker individually. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). Plaintiff opposes Defendants' motion for leave to amend on the grounds that the motion is untimely and the proposed amendment is futile. The court will address Plaintiff's arguments in turn.

Plaintiff contends that the motion is untimely for two reasons. First, Plaintiff argues that Defendants failed to file an amended pleading with their motion for leave to amend and that the time for doing so has passed. However, there is nothing in the Federal Rules of Civil Procedure requiring Defendants to file the amended pleading with their motion. *See generally* Fed. R. Civ. P. 15(a). Furthermore, Defendants have indicated that they seek only to add Mr. Barker as a counter defendant to their counterclaim; they do not seek to add new causes of action. Thus, both Mr. Barker and Plaintiff are on notice as to Defendants' claims against them. Accordingly, Plaintiff's argument fails on this ground.

Second, Plaintiff asserts that the motion is untimely because, based on a previously entered scheduling order, the last day to add parties was October 1, 2005, and Defendants did not file the motion for leave to amend until April 20, 2009. While Plaintiff concedes that the most recent scheduling order set the deadline for amending pleadings as April 20, 2009, Plaintiff argues that Defendants' motion is untimely because that scheduling order did not specify that new parties could be added. The court concludes that Plaintiff's argument is without merit and notes that scheduling orders typically provide the same deadline for amending pleadings and adding parties.[4] Furthermore, even assuming Defendant's motion was untimely, the court has the discretion to allow a party leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). Because Plaintiff only recently provided all of the requested discovery, the court concludes that justice requires Defendants' motion for leave to amend be granted.

Plaintiff also argues that Defendants' motion is futile. In support of that argument, Plaintiff relies upon the same arguments contained in its opposition to Defendants' motion for summary judgment on Defendants' counterclaims,[5] which is currently pending before Judge Waddoups.

---

[4] *See* docket no. 10 (providing that the last day to file a motion to amend the pleadings "Includes Motion to Add Parties").

[5] *See* docket no. 147.

The court has determined that it would be improper to address Plaintiff's arguments as part of Defendants' motion for leave to amend when those same arguments are also set forth in the pending motion for summary judgment before Judge Waddoups. Indeed, because those arguments are potentially dispositive, this court does not have the authority to rule upon them. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72. For that reason, and based upon the liberal standard for providing leave to amend pleadings, *see* Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962), the court concludes that Defendants should be provided with leave to amend their answer and counterclaim to add Mr. Barker personally as a counterclaim defendant. Accordingly, Defendants' motion for leave to amend the answer and counterclaim is hereby **GRANTED**. Within ten (10) days of the date of this order, Defendants shall file the amended answer and counterclaim.

**Movant's Motion to Quash**

Defendants' expert witnesses, Keith Prescott and Val Oveson, are partners in Movant, an accounting firm. Plaintiff served a subpoena on Movant to produce all the billing documents and records generated by Movant related to the instant case and a case entitled *Dale K. Barker, Co. v. John K. Bushnell* (the "*Bushnell* case"), filed in the Third Judicial District, in and for Salt Lake County, Utah. Movant filed a motion to quash the subpoena. In its memorandum in opposition, Plaintiff states that since the motion was filed, Movant has produced the billing records for the instant case but has not produced the billing records for the *Bushnell* case. Movant did not file a reply memorandum. Based on Plaintiff's representation, the court will assume that all the billing

records for the instant case have been produced and that this motion relates only to the *Bushnell* case invoices.

In its motion to quash, Movant argues that (1) the subpoena is untimely, (2) the information sought is protected by the work-product doctrine, and (3) the information sought is not relevant. The court will address each argument in turn.

First, Movant asserts that the subpoena is untimely because discovery in this case is closed. In response, Plaintiff contends that the subpoena is timely because while fact discovery is closed, expert discovery is still open. The expert discovery deadline was extended to July 8, 2009, by this court in an order dated May 28, 2009.[6] Because the subpoena was issued on April 27, 2009, and seeks expert discovery, the court concludes that the subpoena is timely.

Second, Movant asserts that its invoices and billing records are not discoverable because they are protected by the work-product doctrine and would not have been created but for the *Bushnell* case litigation. *See* Fed. R. Civ. P. 26(b)(3) (providing that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative"). While technically the invoices of Defendants' experts would not have been prepared but for the *Bushnell* case litigation, the court concludes that rule 26(b)(3) is not applicable to expert witnesses' invoices or billing records. The work-product doctrine was created to "'shelter[] the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'" *United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008) (quoting *United States v. Nobles*, 422 U.S. 225, 238

---

[6] *See* docket no. 152.

(1975)). "The work product privilege protects against disclosure of the 'mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.'" *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (quoting Fed. R. Civ. P. 26(b)(3)(B)).  While the work-product protection extends to the production of materials prepared at the direction of an attorney by the attorney's agent, the court concludes that the billing invoices of an expert witness are not the type of information that the work-product doctrine was designed to protect.

Furthermore, Movant fails to address rule 26(a)(2)(B) of the Federal Rules of Civil Procedure or the advisory committee notes for the 1993 amendment to rule 26.  Rule 26(a)(2)(B) requires that an expert report include the "data or other information considered by" the expert in forming his or her opinion as well as "a statement of the compensation to be paid for the study and testimony in the case."  Fed. R. Civ. P. 26(a)(2)(B)(i) & (vi).  The advisory committee notes for the 1993 amendment provides that "[g]iven this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions–whether or not ultimately relied upon by the expert–are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."  Fed. R. Civ. P. 26 advisory committee notes, 1993 amend.  Thus, Defendants' expert witnesses should anticipate some transparency with respect to their billing records and like information.

Third, Movant contends that its billing records for the *Bushnell* case are not relevant to any claim or defense of Plaintiff in the instant case.  In response, Plaintiff argues that all information considered by Defendants' experts in this case is relevant and concludes that they

must have considered the work performed in the *Bushnell* case in forming their opinions in the instant case.  Plaintiff contends that this is evidenced by the following facts:  (1) counsel for Defendants the instant case and counsel for the defendants in the *Bushnell* case have consulted on the instant case; (2) counsel for Defendants produced a sample billing document from the *Bushnell* case at an order to show cause hearing in the instant case; and (3) the defendant in the *Bushnell* case is listed as a witness in the instant case.

Under rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  "[A]t the discovery stage, the concept of relevance should be construed very broadly." *Gohler v. Wood*, 162 F.R.D. 691, 695 (D. Utah 1995).

The court concludes that the billing records from the *Bushnell* case may have some relevance to the instant case because the defendant in the *Bushnell* case is listed as a witness in the instant case and it appears that the two cases have similar issues.  As such, the court will order Movant to produce the billing records created in the *Bushnell* case for discovery purposes. That said, the court makes no ruling regarding the admissibility of the *Bushnell* case invoices at trial and specifically notes that admissibility issues are reserved for Judge Waddoups.

In summary, **IT IS HEREBY ORDERED** that:

(1)     Defendants' motion for leave to amend the answer and counterclaim is

**GRANTED**.  Within ten (10) days of the date of this order, Defendants shall file the amended answer and counterclaim; and

      (2)    Movant's motion to quash a subpoena is **DENIED**.  Within ten (10) days of the date of this order, Movant shall produce the requested documents from the *Bushnell* case to Plaintiff.

    **IT IS SO ORDERED.**

    DATED this 24th day of August, 2009.

                                   BY THE COURT:

                                   PAUL M. WARNER
                                   United States Magistrate Judge