IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DALE K. BARKER CO., PC,<br><br>Plaintiff,<br><br>v.<br><br>LARRY J. SUMRALL, et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:03-cv-00903 CW<br><br>Judge Clark Waddoups |

Defendants moved for summary judgment on their counterclaim against Dale K. Barker Co., PC ("Barker Co.") for negligence (professional malpractice).  The court heard oral argument and took the matter under advisement on September 29, 2009.  After due consideration of the parties' filings and oral arguments, and otherwise being fully advised, the court denies the motion.

On April 7, 2009, Defendants filed an expert report regarding the work performed by Barker Co.[1]  Barker Co. filed a "Rebuttal Report" on or about June 16, 2009.[2]  The report appears to have been completed by Dale K. Barker Jr.  Although the document purports to be a "Rebuttal Report", the document contains no expert opinion on the work performed by Barker Co.  Indeed, section "V", entitled "Opinion", on page fifty-nine of the report, contains only blank space after the heading. Rather than offering a rebuttal opinion, the report merely recites facts and makes allegations against Defendants.  Because the Rebuttal Report offers no expert opinion, the court hereby strikes the

---

[1] Docket No. 122.

[2] Docket Nos . 164–65.

report. Additionally, the court holds that Barker Co. may not call an expert witness at trial to address the professional negligence claim due to its failure to provide notice to Defendants of the opinion an expert would render.

"Accountants, like other professionals, have a duty to perform their services with the 'skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities.'"[3]  Typically, "[e]xpert testimony is required to establish the relevant standard *and* whether [a party] complied with that standard."[4]  Thus, regardless of whether a party is proving or contesting a claim of professional negligence, expert testimony is usually required to establish whether a person complied with the standard of care.  An exception exists if the factual issues are so simple and straightforward that they "can be understood by a jury without the benefit of expert opinion testimony."[5]

This case pertains to tax issues, which are not easily understood by a lay person. Consequently, the exception is inapplicable, and expert testimony is required.  Because Barker Co. has failed to provide an expert opinion on the professional negligence claim, it cannot refute the evidence provided by Defendants' experts.  This does not mean, however, that Defendants are entitled to summary judgment on their counterclaim.  This is so because Defendants' experts base

---

[3] *Seitz v. Detweiler, Hershey & Assoc., P.C.*, No. 03-cv-6766, 2005 U.S. Dist. LEXIS 11374, at * 9 (E.D. Pa. June 7, 2005) (quoting *Restatement (Second) of Torts*, § 299A (1965)).

[4] *Reis v. Barley, Snyder, Senft & Cohen, LLC*, No. 05-CV-01651, 2009 U.S. Dist. LEXIS 91579, at * 54 (E.D. Pa. Sept. 30, 2009) (emphasis added) (citing *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 480 (3d Cir. 1979)).

[5] *Dysart v. Gwin*, No. 4:08CV00185, 2009 U.S. Dist. LEXIS 47346, at *10–11 (E.D. Mo. June 5, 2009) (citation omitted).

their opinion, in part, on facts that are in dispute. Disputed issues of fact do not fall within the special purview of an expert. Accordingly, Barker Co. may put on evidence regarding its version of the facts. Again, however, it may not draw an expert conclusion once it presents its version of the facts. Thus, if Defendants are able to prove their set of facts and Defendants' experts testify that Barker Co. failed to meet the standard of care based on such facts, Defendants will be entitled to judgment as a matter of law. At this time, however, the court denies Defendants' motion for summary judgment on its professional negligence counterclaim because material facts remain in dispute.

      SO ORDERED this 9th day of December, 2009.

                                                    BY THE COURT:

                                                    Clark Waddoups
                                                    United States District Judge