IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DALE K. BARKER CO., PC,<br><br>Plaintiff,<br><br>v.<br><br>LARRY J. SUMRALL, et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No.  2:03-cv-00903 CW<br><br>Judge Clark Waddoups |

<u>**PROCEDURAL BACKGROUND**</u>

Larry J. Sumrall and Patricia A. Sumrall (the "Sumralls") were named as defendants in this action and filed a counterclaim against Dale K. Barker, Co., PC. ("Barker Co.").  They also filed a third-party complaint against Dale K. Barker, Jr. ("Barker, Jr.").  For purposes of this memorandum decision, Barker Co. and Barker, Jr. shall be collectively referred to as "Defendants."  On August 8, 2011, the court entered its Findings of Fact and Conclusions of Law based on evidence presented at a two-week bench trial.  The court granted the Sumralls' counterclaim against Barker Co. for breach of contract and awarded damages that included attorney fees and costs.  The court informed the Sumralls it would have to support the attorney fees and costs award in accordance with local rule DUCivR 54-2(f).

The court also granted the Sumralls' claim for professional negligence against Barker Co. and Barker, Jr.  It awarded the Sumralls $70,296.91 in damages and ordered the parties to brief whether pre-judgment interest should be awarded on that amount.  The parties have provided the requested briefing.

Subsequently, the Sumralls did two things.  They filed a "Motion to Clarify the August 8, 2011 Findings of Fact, Conclusions of Law, and Order," which Defendants have opposed.  They also filed two affidavits to support their claim for attorney fees and costs.  The court addresses each of these matters below.

## ANALYSIS

## I.   PREJUDGMENT INTEREST ON DAMAGES FOR NEGLIGENCE

The court requested briefing on whether prejudgment interest should be awarded on the damages for professional negligence.  The Sumralls contend prejudgment interest should be awarded because their damages of $70,296.91 were fixed and complete as of a particular time.  Under Utah law,[1] "[a] court can award prejudgment interest only when the loss is fixed at a particular time and the amount can be fixed with accuracy." *Smith v. Linmar Energy Corp.*, 790 P.2d 1222, 1225 (Utah Ct. App. 1990) (citations omitted).  Damages are not fixed, however, when they "'cannot be calculated with mathematical accuracy, such as in the case of personal injury, wrongful death, defamation of character, false imprisonment, etc.,'" because in such cases, "'the damage must be ascertained and assessed by the trier of fact at the trial.'" *Id.* at 1226 (quoting *First Sec. Bank v. J.B.J. Feedyards, Inc.*, 653 P.2d 591, 600 (Utah 1982)) (italics omitted).

Here, the court awarded damages based on specific figures.  Those figures, however, do not reflect mathematical certainty about how much the Sumralls suffered in damages due to Defendants' negligence.  Instead, they merely provide a basis for the court's best judgment of damages.

At issue in Mr. Sumrall's criminal case, were tax years 1988 through 1990.  In his plea

---

[1] "A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *Chesapeake Operating, Inc. v. Valence Operating Co.*, 193 F.3d 1153, 1156 (10th Cir. 1999) (quotations and citation omitted).

agreement, Mr. Sumrall pled guilty to failing to file a tax return for 1989.  The stipulated loss for purposes of sentencing was $33,992.  *See* Defs' Trial Exs. 14  15.  This loss did not reflect all of the years for which the Sumralls had failed to file tax returns.  It also only reflected half of the tax liability because Mrs. Sumrall's liability was not included.  The amount nevertheless should have provided a basis on which to begin negotiations.

The court found that in 1999 the IRS had proposed a settlement to resolve the tax liability for both Mr. and Mrs. Sumrall.  For tax year 1987, the tax deficiency was $9,232.  For 1988, the tax deficiency was $35,671.  No other tax deficiencies were found due for 1989 through 1991.  Thus, the proposed tax liability, not including penalties or interest, was $44,903.  *See* Defs' Trial Ex. 31.

The IRS again in 2000 provided a proposed stipulation.  In that proposal, the 1987 tax deficiency was $9,232 and for 1988 it was $40,329.  Again, there were no tax deficiencies for 1989 through 1991.  Thus, the proposed tax liability, not including penalties or interest, was $49,561.  *See* Defs' Trial Ex. 41.

Finally, in 2002, the tax court concluded that the tax deficiency for 1987 was $9,232 and for 1988 it was $35,671, with no tax deficiencies for 1989 through 1991.  The final tax liability, not including penalties or interest, was $44,903.   *See* Defs' Trial Ex. 77.

Although the above figures do not vary widely, particularly when compared to the accounting fees that were being charged to fight this liability, their variance does show the lack of mathematical certainty that existed in this case.  The figures also show the impact of penalties and interest.  By 2002, after penalties and interest were included, the Sumralls owed $151,704.36.  Had they settled with the IRS in 1996, this figure would have been lower because penalties and interest would have accrued from only 1987 through 1996 rather than from 1987 through 2002.

Despite this evidence, the court was left with no concrete calculation of what damages resulted from Defendants' negligence because no evidence was provided about the penalties and interest that had accrued solely between 1996 and 2002. Moreover, there was no established figure in 1996 that included all of the tax years and liability for both Sumralls. All that was known is the Sumralls suffered damages because they continued to accrue interest and penalties from 1996 through 2002 when the tax court decision was rendered. To account for this, the court looked at the final payoff figure from 2006 and subtracted the 2002 judgment figure to arrive at its calculation. *See* Defs.' Trial Exs. 78, 79, and 85. While the result reflected interest that had accrued from 2002 to 2006 (a period for which Defendants were not liable), the court concluded the result was comparable to the damages the Sumralls sustained from 1996 through 2002.

This analysis shows that the negligence damage award could not be calculated with mathematical certainty. It also shows that damages were not fixed as of a particular time. The court therefore denies prejudgment interest on the negligence damages.

## II.    MOTION TO CLARIFY

The Sumralls filed a motion to clarify four points. Defendants oppose the motion to clarify on the grounds (1) there is no procedural rule to clarify a judgment and (2) what is requested in the motion goes beyond simply clarifying the court's ruling. The court agrees that the motion seeks more than just a clarification. No final judgment has been entered in this case, however, due to the additional briefing that was requested on damages. The court's ruling is therefore subject to modification pursuant to Federal Rule of Civil Procedure 54(b).

### A.    Award of Consequential Damages for the Fees Paid to John Bradley

In the court's findings and conclusions, it did not address whether the Sumralls should be

awarded consequential damages for the $1,000 it paid to John Bradley for legal fees.  Barker, Jr. recommended to the Sumralls that they hire Bradley to represent them in a tax court petition.  The Sumralls contend that but for Barker Co.'s breach of contract, they never would have had to retain Bradley.  The court's findings of fact support this contention.  In particular, Revenue Agent Dick Stufflebeam testified he had settled all but nine cases in this thirty years as a revenue agent, without the need for an appeal.  *See* Amended Findings of Fact No. 150.  He was not able to resolve the Sumralls' case, however, due to lack of cooperation by Barker Co.  The tax court petition then ensued.  Accordingly, the court concludes Barker Co. also is liable for the $1,000 in consequential damages the Sumralls paid to Bradley.

### B.  Prejudgment Interest on Attorney Fees and Costs

#### I.  *Standard for Awarding Interest*

Next, the Sumralls contend they should be awarded prejudgment interest on the attorney fees and expert fees that were paid prior to trial.  Utah law specifies that "[t]he purpose of awarding prejudgment interest is to compensate for the full loss suffered by [a party] in losing the use of the money over time." *Kraatz v. Heritage Imps.*, 2003 UT App 201, ¶ 75, 71 P.3d 188.  The Utah Court of Appeals also has stated that prejudgment interest may be appropriate on attorney fees and costs if they were paid prior to judgment "and the amount of the loss is fixed as of a particular time." *Id.* ¶ 76 (quotations and citation omitted).  If the reasonableness of the fees and costs are subject to dispute, however, "they are not fixed or calculable with mathematical certainty until the court makes an independent determination of their reasonableness." *Id.* ¶ 65 (citation omitted).

#### ii.  *Application of Standard to the Facts of This Case*

Applying these standards, the court concludes that the attorney fees paid to Bradley ($1,000)

and Steve Wilson ($24,850.90) were paid prior to judgment and were fixed and calculable with mathematical certainty. *See* Defs.' Trial Exs. 83, 84. The fees were part of the consequential damages of Barker Co.'s breach of contract. The court therefore awards prejudgment interest on those fees.

With respect to the attorney fees paid to The Law Office of Derek A. Coulter, P.C., the court concludes those fees are subject to dispute and additional proof is needed to establish their reasonableness, as discussed below. Likewise, the fees paid to the Sumralls' experts are also subject to dispute and require additional proof. Accordingly, the court does not award prejudgment interest on those fees. As a preclusive matter, to the extent the Sumralls prove the reasonableness of these attorney fees and costs, the court will not revisit the issue of prejudgment interest because reasonableness was not established prior to judgment.

### iii. *Prejudgment Interest Rate*

The Sumralls contend that prejudgment interest should be awarded at the contract rate of "2% per month, compounded." Memo. in Supp. of Mot. to Clarify, 5 (Dkt. No. 314). The relevant language in the Service Agreements states:

> Interest shall accrue on any unpaid billings due hereunder at the rate of 2.0% per month (compounded) and shall be considered as an additional accounting fee per month of billing (this rate shall be both before and after judgement, if applicable).

Service Agreement, ¶ 3(b) (May 21, 1999) (Pl.'s Trial Ex. 1, Tab 5).[2] In a separate paragraph, the Service Agreement states:

---

[2] There were a number of Service Agreements at issue in this case. Although the "interest" language varied somewhat across contracts, the substantive language is the same for purposes of the court's analysis.

-6-

> In the event of a breach of this Agreement, the non-defaulting party
> shall be entitled to all costs and attorneys' fees incurred in enforcing
> this Agreement or in seeking any other remedy.

*Id.* ¶ 8.  The first paragraph falls under the "Payment of Fees" section of the contract, while the second section falls under the "Attorney's Fees" section.

The contract's plain language states that interest accrues on "unpaid billings."  Had the Sumralls overpaid Barker Co. for the work it performed, they may have an argument that interest accrued on the overpayment at the rate stated in paragraph 3(b).  The court has concluded, however, there was no overpayment.  *See* Conclusions of Law, ¶ 23 (Dkt. No. 308).  Hence, there were no "unpaid billings" or overpayments on which the interest could accrue and nothing in paragraph 3(b) suggests it should be extended to attorney fees.  Likewise, nothing in paragraph 8 shows the parties agreed to a specific prejudgment interest rate for attorney fees or costs.  The court therefore declines to award prejudgment interest at the rate requested by the Sumralls.

Section 15-1-1(2) of the Utah Code states "[u]nless the parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods, or chose in action shall be 10% per annum."  The court concludes this is the appropriate prejudgment interest rate for the Sumralls' contract damages.  Interest shall accrue on each payment made to Bradley and Wilson from the time the Sumralls made the payment until final judgment is entered. *See Davies v. Olson*, 746 P.2d 264, 270 (Utah Ct. App. 1987) (stating "[t]he statutory legal rate of interest is applied from the date payment is due to the judgment date").

### C.    Post-Judgment Interest

The Sumralls also contend the post-judgment interest should accrue "at the contractual rate of 2%, compounded monthly."  Memo. in Supp. of Mot. to Clarify, 6 (Dkt. No. 314).  While

prejudgment interest in diversity cases is based on state law, post-judgment interest is based on 28 U.S.C. § 1961.  "Parties may contract to, and agree upon, a post-judgment interest rate other than that specified in § 1961."  *Johnson v. Reibesell (In re Reibesell)*, 586 F.3d 782, 794 (10th Cir. 2009) (quotations, citation, and alterations omitted).  In order to do so, however, "they must specifically contract around the general rule" and "express such intent through clear, unambiguous and unequivocal language."  *Id.* (quotations and citations omitted).

While the Service Agreement does state the interest rate shall apply "both before and after judgment," the Sumralls have failed to prove that interest rate is applicable to the damages they suffered.  Moreover, there is no other language in the contract that demonstrates the parties intended to contract around the federal statutory interest rate.  The court therefore holds the post-judgment interest rate for the contract damages shall be the rate specified under 28 U.S.C. § 1961.

### D.    Augmentation of Negligence Damage Award to Account for Interest

Finally, the Sumralls contend that in addition to the $70,296.91 the court awarded for negligence, it should augment that award by an additional $26,522.23.  The Sumralls contend this additional amount is necessary to account for the simple interest that accrued between 1996 and 2006.  The Sumralls provided additional evidence about the statutory interest rate from 1996 through 2006 to support their argument.

As discussed in Section I above, the damage award for negligence was not subject to mathematical precision.  Part of the complication arose from the fact that evidence the Sumralls should have produced during trial was not produced until its present motion.  Moreover, while the Sumralls did not pay their total tax liability until 2006, that was not due to Defendants' negligence.  The Sumralls conclusively knew their tax liability in 2002.  They were strongly urged by their

attorney Steve Wilson to commence monthly payments immediately.  *See* Defs.' Trial Ex. 78 at 3. Yet, the evidence shows the Sumralls only made few payments during those four years, until they made a lump sum payment on August 11, 2006 to satisfy their liability.  *See* Defs.' Trial Ex. 85. Thus, to contend a greater damage amount should now be awarded to account for lost interest is not well-taken.

The court used the 2002 to 2006 period when calculating damages because it concluded the figure would be comparable to the damages suffered by the Sumralls between 1996 to 2002.   The 1996 to 2002 damages specifically resulted from additional interest and penalties that accrued when the case was not settled in 1996.  Thus, the damages awarded by the court already account for the additional interest payments.  The court therefore denies the Sumralls' motion to augment the damage award for negligence.

## III.   REMAINING ATTORNEY FEES AND COSTS

In its Conclusions of Law, the court stated the following:

> The court grants the Sumralls' claim against Barker Co. for breach of contract and awards the following damages: . . . contract damages resulting from fees and costs paid to the Sumralls' experts at Wisan, Smith, Racker, and Prescott, LLP (the specific amount of which will be introduced by Affidavit); and contract damages resulting from fees and costs paid to the Sumralls' counsel at the Law Offices of Derek A. Coulter, P.C. (which amount also will be proved at a later time). The fees to be awarded shall be supported as required by local rule DUCivR 54-2(f).

Original Findings of Fact & Conclusions of Law, 46  47 (Dkt. No. 308).  The court also stated the following as one of its conclusions:

> 21.    The Sumralls provided evidence that they paid their expert witnesses in this matter $36,323.25.   The court concludes the Sumralls are entitled to recover these costs from Barker Co., as well as such additional costs incurred when their expert witnesses testified at trial.   Any additional costs shall be proven by Affidavit or other evidence as the Sumralls deem appropriate.

*Id.* at 37.  Subsequently, the Sumralls provided two affidavits to support their asserted fees and costs. In total, the Sumralls seek $297,688 for attorney, paralegal, law clerk, and legal assistant fees and costs.  *See* Affidavit of Derek A. Coulter re: Sumralls' Attorney's Fees and Costs, 3 (Dkt. No. 312). They also seek $69,741.75 for expert fees and costs.  Affidavit of M. Keith Prescott Regarding Expert Witness Fees and Costs, 2 (Dkt. No. 311).

In Defendants' opposition to the Sumralls' Motion to Clarify, Defendants argue the Sumralls must provide additional evidence to support the reasonableness of the requested fees and costs.  The court concurs.  Local rule DUCivR 54-2(f) states that a motion for fees must "be accompanied by an affidavit . . . and any other pertinent supporting information that justifies the award."  Because attorney fees and costs were awarded in this case pursuant to contract, the Sumralls have the obligation to comply with Utah law to justify the award.

The Utah Supreme Court has stated that "the party requesting fees 'has the burden of producing evidence to buttress the requested award.'" *Dale K. Barker Co. v. Bushnell*, 2010 UT App 189, ¶11, 237 P.3d 903 (quoting *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998)).  Thus, "regardless of contractual language entitling the party to attorney fees," the party must show appropriate documentation to support its claim.  *Id.*  At a minimum, a party

> must allocate its fee request according to its underlying claims by categorizing the time and fees expended for (1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney

> fees had the claims been successful, and (3) claims for which there is
> no entitlement to attorney fees.

*Id.* (quoting *Foote*, 962 P.2d at 55) (quotations and alteration omitted).  Without such an allocation, "there is no way to tell if the time spent on those unsuccessful claims truly was omitted or whether it was simply rolled into the fees requested."  *Id.* ¶ 12.  Moreover, because the court "must make an independent evaluation of the reasonableness of the requested fees," *id.* ¶ 13 (quotations and citation omitted), the evidentiary support should contain enough specificity to show that the work performed was reasonable.

Similarly, contract costs, including expert witness fees and costs, also "must be reasonable." *Id.* ¶ 16.  The Utah Court of Appeals has questioned the reasonableness of using two experts to perform the same tasks.  *See id.* ¶ 18 .  Defendants contend that is what occurred here.  Because the court must assess the reasonableness of the expert witness fees and other costs, the Sumralls must also breakdown those expenses with sufficient specificity for this analysis to occur.

Finally, the Sumralls also must justify through reference to the applicable contract language and legal support whether it is appropriate to award fees for a paralegal, law clerk, and legal assistant.  If such fees are allowable, the Sumralls should provide appropriate evidence to show their reasonableness in this case.

Because the court concludes it lacks sufficient information, at this time, about the reasonableness of the expert witness fees, it hereby amends paragraph twenty-one of its Conclusions of Law as follows:

> 21.     The Sumralls provided evidence that they paid their expert witnesses in this matter $36,323.25.   The court concludes the Sumralls are entitled to recover expert witness fees from Barker Co., including fees incurred for expert testimony at trial.    The

> reasonableness of the expert witness fees must be proven by additional evidence before a specific amount is awarded by the court.

This amendment, as well as others that reflect the analysis in this decision, have been incorporated into an Amended Findings of Fact and Conclusions of Law that supersedes the court's original findings and conclusions.

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART the Sumralls' Motion to Clarify.[3]  Although issues remain about appropriate assessment of attorney fees and costs, those issues do not preclude entry of final judgment.  Because all other claims have been resolved in this matter, the court hereby directs the Clerk of the Court to enter final judgment as follows:

1.   Consequential Damages against Barker Co. for breach of contract in the amount of $25,850.90, together with prejudgment interest at the rate specified under Utah Code Ann. § 15-1-1(2) (2012) and post-judgment interest at the statutory rate specified under 28 U.S.C. § 1961.

2.   Damages for professional negligence against Barker Co. and Barker, Jr. in the total amount of $70,296.91, with no prejudgment interest.  Post-judgment interest shall accrue at the statutory rate specified under 28 U.S.C. § 1961.

3.   Judgment against Barker Co. and Barker, Jr. for breach of fiduciary duties, with no additional damage award because any award would be duplicative of the $70,296.91 awarded for professional negligence.

---

[3]  Docket No. 313.

4.      Attorney fees and costs to be proven at a later time.

5.      All other claims, counterclaims, and third-party claims are denied, with no award of

costs or fees to either side.

The Sumralls shall provide evidence to support their claim for attorney fees and costs on or

before **June 27, 2012**.  Defendants shall file any opposition on or before **July 11, 2012**.  No reply

brief is permitted.

SO ORDERED this 13th day of June, 2012.

BY THE COURT:

Clark Waddoups
United States District Judge