IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DALE K. BARKER CO., PC,<br><br>             Plaintiff,<br><br>v.<br><br>LARRY J. SUMRALL, et al.,<br><br>             Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No.  2:03-cv-00903 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Final judgment was entered in this case on June 14, 2012, which among other things, awarded attorney fees and costs in favor of the defendants Larry J. Sumrall and Patricia A. Sumrall (collectively the "Sumralls").  The amount of such fees and costs, however, were to be proved at a later date.  On June 27, 2012, the Sumralls filed briefing and documents to support the amount they claim for attorney fees and costs.  Dale K. Barker Co., PC ("Barker Co.") and Dale K. Barker Jr. ("Barker Jr.") have opposed the claimed amounts on various grounds.[1]  For the reasons discussed below, the court grants in part and denies in part the Sumralls' claim for attorney fees and costs.

## FACTUAL BACKGROUND

This case was filed on October 10, 2003, almost nine years ago.  Barker Co. sued the

---

[1]  The Sumralls objected to Barker Co. and Barker Jr.'s opposition memorandum on the ground that it was untimely.  Barker Co. and Barker Jr. were granted an extension to file the opposition.  They filed the opposition two days after the extended filing deadline.  The court finds no prejudice to the Sumralls, overrules the objection, and fully considers the opposition.

Sumralls for (1) breach of contract, (2) unjust enrichment, (3) enforcement of lien, (4) interpleader, and (5) injunctive relief.  *See* Complaint (Dkt. No. 1).  In turn, the Sumralls filed counterclaims against Barker Co. for (1) breach of contract, (2) unjust enrichment, (3) negligent or intentional misrepresentation, (4) fraud, (5) breach of fiduciary duty, and (6) negligence.  *See* Answer and Counterclaim (Dkt. No. 4).

Approximately six years later, the Sumralls were granted leave to amend their pleadings and assert cross claims against Barker Jr.  The Sumralls asserted the same claims against Barker Jr. as they had against Barker Co., except for the breach of contract claim.  *See* First Amended Answer, Counterclaim, and Cross-Claim (Dkt. No. 174).  That claim was not asserted against Barker Jr. because he was not a party to the service agreements at issue in this case.

Before trial, the court dismissed all of Barker Co.'s claims except for breach of contract.  It also dismissed the Sumralls' counterclaims and cross claims for unjust enrichment, negligent or intentional misrepresentation, and part of their fraud claim.  At trial, Barker Co. failed to prove the Sumralls breached the service agreements.  In contrast, the Sumralls prevailed on their breach of contract, negligence, and breach of fiduciary claims.  They contend those three claims are inextricably tied together because they revolve around the same set of facts.

In total, the Sumralls have incurred the following fees and costs to litigate this case:

| | |
|---|---|
| Attorney Fees | $259,097.50 |
| Paralegal Fees | $29,457.25 |
| Expert Witness Fees | $69,741.75 |
| General Costs | $28,208.62 |

Notably, the only claim and counterclaim that allow for attorney fees and costs are those for breach of contract.  No other cause of action or statutory provision provides for such.  Yet, of the total incurred expenses, the Sumralls claim they are entitled to $249,819.50 in attorney fees, and almost all paralegal fees, expert witness fees, and costs.  Barker Co. and Barker Jr. object to these claims.

**ANALYSIS**

I.    **ATTORNEY FEES**

    A.    **Dale K. Barker Jr.'s Liability for Attorney Fees and Costs**

At issue in this case were various service agreements that contained the following provision: "In the event of a breach of this Agreement, the non-defaulting party shall be entitled to all costs and attorneys' fees incurred in enforcing this Agreement or in seeking any other remedy."  Amended Conclusions of Law, ¶ 19 (Dkt. No. 319).  Barker Jr. was not a party to the service agreements.  This fact was recognized by the Sumralls because they only asserted their breach of contract claim against Barker Co.  Accordingly, Barker Jr. contends the court should not find him personally liable for any attorney fees or costs.  The court concurs and the final judgment already reflects this fact.  *See* Judgment in a Civil Case, ¶ 1 (Dkt. No. 320).  To the extent any ambiguity exists on this issue, the court expressly holds that Barker Jr. is not personally liable for any attorney fees or costs.  It therefore will only address Barker Co.'s objections to attorney fees and costs.

    B.    **Allocation of Fees Among the Causes of Action**

As stated above, only the claim and counterclaim for breach of contract allow for an award of attorney fees.  Under Utah law, when multiple claims are at issue in a case, the prevailing party has an obligation to "allocate time incurred between compensable and non-compensable claims."

*Brown v. David K. Richards & Co.*, 1999 UT App 109, ¶ 15, 978 P.2d 470 (citation omitted).  In particular, the Utah Supreme Court has stated:

> one who seeks an award of attorney fees must set out the time and fees expended for (1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees.

*Stevensen 3rd East, LC v. Watts*, 2009 UT App 137, ¶ 60, 210 P.3d 977 (quoting *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 269  70 (Utah 1992)) (alteration omitted).

At times, however, compensable and non-compensable claims are "inextricably tied together." *Brown*, 1999 UT App 109, ¶ 20 (citation omitted).  Under such circumstances, attorney fees and costs cannot be readily allocated.  Thus, when "proof of a compensable claim and . . . non-compensable claim are closely related and require proof of the same facts, a successful party is entitled to recover its fees incurred in proving all of the related facts." *Id.* (citation omitted).

Here, Barker Co. contends the Sumralls' breach of contract claim is easily separated from their other successful claims for negligence and breach of fiduciary duty.  Based on paragraph 18 of the court's Conclusions of Law, Barker Co. contends the breach of contract claim pertained only to proper billing procedures and the reasonableness of Barker Co.'s work.  In contrast, Barker Co. contends the negligence and breach of fiduciary duty claims were based on Barker Co.'s failing to file net operating loss ("NOL") claims.  Thus, according to Barker Co., the claims are not intertwined since they were based on separate facts.  The court disagrees.

When a principal claim and a counterclaim are "sufficiently tied together so that [the principal claim] would be defeated or diminished by the counterclaim" the facts are not exclusive.

*See First Gen. Servs. v. Perkins*, 918 P.2d 480, 486 (Utah Ct. App. 1996).  On Barker Co.'s principal claim for breach of contract, the court concluded that "much of the work Barker performed was unreasonable and generated by Barker, Jr.'s failure to file proper NOL carryback claims."  *Id.* ¶ 8.  The unreasonableness of Barker Co.'s work applied regardless of whether it was viewed as a principal claim for breach of contract, a counterclaim for breach of contract, a negligence claim, or a breach of fiduciary duty claim.  Likewise, Barker Co.'s lack of professionalism, its failure to communicate proposed settlement agreements, and so forth also were facts relevant to each cause of action.  *Compare* Amended Conclusions of Law, ¶¶ 8  9, 18 *with* ¶¶ 40  44, 65.  Because the factual overlap among these causes of action is significant, the court concludes it would not be feasible to allocate attorney fees among them.

### C.      Fees on Issues Lost by the Sumralls

Next, Barker Co. contends the Sumralls cannot collect fees for any motion they lost.  This contention is supported by *Gilbert Development Corp. v. Wardley Corp.*, 2010 UT App 361, 246 P.3d 131.  In that case, the defendants ultimately prevailed and were entitled to attorney fees based on a contract.  Prior to trial, the defendants had moved for summary judgment, but lost that motion.  The trial court nevertheless concluded that the motion was reasonable and awarded attorney fees for time spent on that motion.  *Id.* ¶ 49.  The Utah Court of Appeals reversed because when "attorney fees are recoverable by contract, a party is entitled only to those fees attributable to the successful vindication of contractual rights."  *Id.* ¶ 52 (quotations and citation omitted).  Since the summary judgment motion had not vindicated the defendants' right, the Court disallowed the attorney fees incurred in pursing the motion.  *Id.*

Barker Co. objects to attorney fees being awarded on fifteen separate motions and opposition memoranda.  With the exception of one motion and one memorandum, however, Barker Co. has made no effort to identify what fees were incurred in pursing these matters.  *See* Exhibit "A" (Dkt. No. 336, Ex. 2).  Thus, Barker Co. has left it to the court to cull through the invoices, determine what fees apply to which motions, and then subtract those amounts so Barker Co. will not have to pay for them. This burden-shifting approach is inappropriate.  Barker Co. had the obligation to identify what fees should be disallowed, but has failed to do so.  Accordingly, the court overrules Barker Co.'s objection on the thirteen matters for which Barker Co. failed to identify associated attorney fees.

As to the other two matters, one was for a motion to compel.  The Sumralls prevailed on the motion, but the magistrate judge denied the Sumralls' request for attorney fees on that motion. Minute Entry (Dkt. No. 30).  Barker Co. contends this means the Sumralls lost the motion and should not be awarded any attorney fees for it.  The court disagrees.  The Sumralls prevailed on the substantive part of the motion.  Although a magistrate judge denied attorney fees for bringing that motion, the case is now under a different procedural posture where the Sumralls prevailed at trial. Per the contract at issue, they are entitled to receive attorney fees as the prevailing party.  Thus, the court overrules Barker Co.'s objection on this matter as well.

Finally, Barker Co. objects to awarding attorney fees for a memorandum the Sumralls filed in opposition to a motion for enlargement of time.  The court sustains Barker Co.'s objection on this matter, but not for the amount claimed.  Barker Co. asserts $90 should be disallowed, but the invoice only supports a charge for $30.  *Compare* Exhibit "A" (Dkt. No. 336, Ex. 2) *with* Invoice No. 1262 (Dkt. No. 322, Ex. 10).  The court therefore disallows $30 in attorney fees.

**D.      Appropriateness of the Amount Claimed**

Barker Co. further contends that the fees requested by the Sumralls are excessive.  The Utah Supreme Court has set forth factors to consider when evaluating the reasonableness of claimed fees. "Those factors include but are not limited to [1] the extent of services rendered, [2] the difficulty of issues involved, [3] the reasonableness of time spent on the case, [4] fees charged in the locality for similar services, and [5] the necessity of bringing an action to vindicate rights." *Baldwin v. Burton*, 850 P.2d 1188, 1200 (Utah 1993) (citation omitted).

Barker Co. sued the Sumralls for allegedly failing to pay accounting fees they had incurred. It sought approximately $3 million in damages.  The underlying work involved billings for a criminal case, a civil tax deficiency assessment, and a tax court trial, which had to be analyzed.  The analysis was complicated by the fact that Barker Co. had failed to keep adequate accounting records and questions existed about the legitimacy of the work that was performed.  Hence, it was necessary for the Sumralls to retain attorneys and accounting experts to help resolve this case that has spanned nine years.  These facts support the reasonableness of the fees claimed by the Sumralls.  Moreover, the billing rates also were appropriate for this market.

Barker Co. has raised objections, however, to eight specific matters on the basis that the "[f]ees charged for items . . . did not materially advance the termination of the litigation or were the sole responsibility and benefit of the Defendants."  Exhibit "B" (Dkt. No. 336, Ex. 1).  The first objection pertains to work done on a matter even though the court had already entered an order that resolved the issue.  The court concurs the fees for this work were unreasonable and therefore disallows $515 in attorney fees related to this work.

-7-

Barker Co.'s second objection also asserts that further work was done after an order had already been entered. The case docket does not support this contention. *Compare* Motion re: Demand for Jury Trial (Dkt. No. 36) *with* Notice (Dkt. No. 47), Reset Hearing Notice (no dkt. no.), and Minute Entry (Dkt. No. 55). The court therefore overrules the second objection.

Objection three pertains to substitution of counsel for which the Sumralls claim $42 in attorney fees. This matter is a normal part of litigation that can reasonably be anticipated to fall under attorney fees. Moreover, the amount claimed is not excessive. The court therefore also overrules the third objection.

Objections four through eight pertain to motions for extension of time and scheduling issues. Barker Co. has provided no information about what fees were claimed for these matters.[2] Again, the court will not cull through the record to do the work that should have been done by Barker Co. Accordingly, objections four through eight also are overruled.

Besides these objections, Barker Co. asserts the Sumralls should not be able to recoup the $10,500 they incurred for their attorneys to prepare the present claim for attorney fees and costs. *See* Invoice 10785 (Dkt. No. 322, Ex. 43). This assertion is contrary to Utah law. In *Brown*, the Utah Court of Appeals stated that a party may recoup "fees it reasonably incurred establishing the reasonableness of the fees for which it was entitled." *Brown*, 1999 UT App 109, ¶ 29 (citation omitted). As is reflected by the invoice, it took substantial effort to summarize attorney fees and costs that spanned almost nine years. Based on the circumstances and complexity of the billing

---

[2] Under the fourth objection, Barker Co. does list a fee for $150. This appears to be an error because the fee was already claimed under the first objection.

matters, the court does not find the $10,500 to be unreasonable.

###### E.    Total Fees Minus Non-Compensable Fees

Although the breach of contract, negligence, and breach of fiduciary duty claims were inextricably tied together, the Sumralls have made some effort to allocate fees among them. They also have attempted to allocate fees among the unsuccessful claims of unjust enrichment, negligent or intentional misrepresentation, and fraud. Again, however, much of the same facts for the breach of contract counterclaim was intertwined with these unsuccessful claims. The total attorney fees incurred were $259,097.50. Of this amount, the Sumralls allocate $9,278 to time spent on the non-contract claims where there was not a factual overlap with the breach of contract claim. This is about a 3.6 percent reduction in overall fees. Based on the degree of overlap, the court finds this reduction appropriate. Accordingly, the court awards the following for attorney fees: $259,097.50 - ($30.00 + $515 + $9,278)    $249,264.50.

## II.    COSTS

### A.    Rule 54 Costs versus Contract Costs

Barker Co. also objects to the costs claimed by the Sumralls on the basis that they have claimed costs not allowed under Rule 54 of the Utah Rules of Civil Procedure. The court agrees that some of the claimed costs are not allowed under Rule 54. The award of costs in this case, however, is not done pursuant to Rule 54. Rather, costs are awarded pursuant to contract. The contractual language states the prevailing party "shall be entitled to *all* costs . . . incurred in enforcing this Agreement or in seeking any other remedy." Amended Conclusions of Law, ¶ 19 (Dkt. No. 319) (emphasis added). The court will not impose a limitation on this language that was not reasonably

contemplated by the parties. Thus, the Sumralls are entitled to costs that would not otherwise be recoverable under Rule 54.

### B.        Paralegal, Legal Assistant, and Law Clerk Fees

The Sumralls claim costs for paralegal, law clerk, and legal assistant fees. Barker Co. accurately contends these are not costs. In *Baldwin*, the Utah Supreme Court recognized that paralegal, legal assistant, and law clerk fees may be "recoverable as part of an award of attorney fees" because they "promote[] lawyer efficiency and decrease[] client litigation costs." *Baldwin*, 850 P.2d at 1200 01 & n.61 (citing *Continental Townhouses East Unit One Ass'n v. Brockbank*, 733 P.2d 1120 (Ariz. Ct. App. 1986)). Although the Sumralls improperly categorized these fees as costs, the court does not find that error to be so substantial that such fees should be disallowed. The total fees claimed under this category are $29,457.25, of which the Sumralls allocate $270 to non-compensable matters. For the other attorney fees awarded above, however, the court concluded that a 3.6 percent reduction was appropriate and finds that same reduction should be applied here. A 3.6 percent reduction amounts to $1,060.46. Subtracting $1,060.46 from $29,457.25, the court awards $28,396.79 in additional attorney fees, for a total attorney fee award of $277,661.29.

### C.        Charges for Other Costs and Depositions

The Sumralls claim $28,208.62 in general costs for depositions, transcriptions, research, service of process, witness fees and per diem, photocopies, and faxes. Barker Co. objects to charges for faxes and photocopies because it claims they also were not allocated among the various causes of action. For the same reasons discussed above, the court rejects this argument, but concludes a 3.6 percent reduction in overall allowed costs is appropriate.

Barker Co. also objects to costs for depositions where the person deposed was not named or called as a witness. The court would agree these costs should be disallowed because there is no evidence they were necessary to the case. Again, however, Barker Co. has failed to identify which costs were associated with the taking of these depositions. Because Barker Co. has failed to provide this information, the court will not subtract the deposition costs.

Finally, the Sumralls themselves have noted that some of the incurred costs resulted from clerical errors or are duplicative of costs claimed for expert witness fees. These costs total $4,439.[3] Because such amounts should not have been included in the general cost calculation, the court reduces the claimed costs to $23,769.62.[4] Applying the 3.6 percent reduction (i.e., $855.71) to this amount, the court awards $22,913.91 in general costs.

## III.    EXPERT WITNESS FEES

The Sumralls claim $69,741.75 in costs for the two experts they retained to analyze the case and testify at trial. *See* Affidavit of M. Keith Prescott and supporting invoices (Dkt. No. 323); Affidavit of W. Val Oveson and supporting invoices (Dkt. No. 324). Barker Co. contends the Sumralls have claimed fees for an expert witness not used at trial. This is incorrect. All expert witness fees appearing on Mr. Coulter's invoices were subtracted from the general cost invoices. Thus, only those fees appearing on Mr. Prescott's and Mr. Oveson's invoices are being allowed as

---

[3]  Invoice No. 1225 lists a payment of $250 to Cheryl Ware for an expert witness retainer. Ms. Ware also appears as a staff member on invoices submitted by M. Keith Prescott, an expert retained in this case. Because expert witness fees are claimed separately from general costs, this payment and all other expert witness payments appearing on Mr. Coulter's invoices were deducted from the general costs and are reflected in the $4,439 figure.

[4]  Of this amount, the Sumralls claim $23,175.02 is compensable and the remainder is from other non-compensable costs.

expert witness fees.  Hence, Barker Co.'s only objection to the expert witness fees is overruled.

The court previously reviewed the expert report filed in this case.  It also had the opportunity to hear the testimony of Mr. Prescott and Mr. Oveson at trial.  The court concludes that retaining both experts was reasonable due to the complexity of this case.  Having further reviewed the affidavits and invoices of Mr. Prescott and Mr. Oveson, the court concludes the claimed expert witness fees are reasonable as well.[5]  Accordingly, the court awards $69,741.75 in expert witness costs.

## CONCLUSION

For the reasons stated above, the court awards $277,661.29 for attorney fees, which includes paralegal, legal assistant, and law clerk fees.  The court also awards $22,913.91 for general costs and $69,741.75 for expert witness fees.  All other attorney fees and costs claimed by the Sumralls are denied.

DATED this 20th day of August, 2012.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[5] According to Mr. Prescott's affidavit, 6.2 hours of staff time were included on his invoices. The court finds this amount is reasonable and includes it in the award of expert witness fees.

-12-